UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH HAUGH,

    Petitioner,

v.

                                    Case No. 5:16-cv-10853
                                    Hon. John Corbett O'Meara

ANTHONY STEWART,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Deborah Haugh, ("Petitioner"), incarcerated at the Huron Valley Complex in Ypsilanti, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded no contest in the Oakland Circuit Court to seven counts of embezzlement. As a result of her convictions, Petitioner was sentenced to seven concurrent terms of imprisonment, the longest of which are two terms of five-to-twenty years for embezzlement over $100,000. MICH. COMP. LAWS § 750.1747. The pro se petition raises two claims: 1) the sentencing court incorrectly scored a sentencing guideline offense variable because corporate employees are not victims under that variable, and 2) a corporation is not a "vulnerable victim" under another offense variable of the sentencing guidelines. The petition for writ of habeas corpus will be summarily denied because Petitioner's claims are not cognizable. The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

I. Background

Petitioner plea no contest in the Oakland Circuit Court to seven counts of embezzlement on

January 28, 2014. Petitioner was sentenced on March 11, 2014. Petitioner filed a direct appeal in the Michigan Court of Appeals, raising what now form her two habeas claims. The court of appeals affirmed her convictions. *People v. Haugh*, No. 323565 (Mich. Ct. App. October 20, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court which was denied on March 25, 2015. *People v. Haugh*, No. 150629 (Mich. Sup. Ct. March 25, 2015).

## II. Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

A sentence imposed within the statutory limits, as Petitioner's sentence, is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner claims that the trial court incorrectly scored her sentencing guidelines under Michigan law. Petitioner attached a copy of the application for leave to appeal she filed in the Michigan Court of Appeals. The application confirms that Petitioner's claims were entirely based on alleged violations of state sentencing law. Neither her state court filing nor her federal habeas petition allege any violation of her federal constitutional rights.

2

An argument based on a perceived error or alleged violation of state law fails to state a claim on which habeas relief may be granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Moreover, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire* 502 U.S. 62, 68 (1991)). "[I]n short, petitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating her guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id*.

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas relief with respect to her claims.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.

*Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

             s/John Corbett O'Meara
             United States District Judge

Date: March 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 14, 2016, using the ECF system and/or ordinary mail.

             s/William Barkholz
             Case Manager